IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**AMERICAN ZURICH INSURANCE**
**COMPANY,** *et al.***,**

      **Plaintiffs,**

  **vs.**                                   **Civil Action 2:09-CV-1104**
                                               **Judge Watson**
                                               **Magistrate Judge King**

**SUNLIGHT TRANSPORT, LLC,**
*et al.***,**

      **Defendants.**

## OPINION AND ORDER

Plaintiffs, subrogees, seek recovery in connection with damages caused by a fire in a Freightliner[1] tractor trailer. Plaintiffs assert claims of negligence and defective product(s) under O.R.C. §§ 2305.75, 2305.76 and Ohio common law. This matter is now before the Court on plaintiffs' motion for an extension of time, in which they ask that the deadlines for discovery and filing dispositive motions be extended by three (3) months. *Plaintiffs' Motion for Extension of Discovery Cut-Off Dispositive Motion Deadlines*, Doc. No. 22 ("*Motion for Extension*").

The Court conducted a preliminary pretrial conference pursuant to the provisions of Fed. R. Civ. P. 16(b) on February 25, 2010. Following that conference, the Court issued an order directing, *inter*

---

[1] The parties later stipulated that Daimler Trucks North America LLC shall be substituted on all pleadings for the name Freightliner LLC. Doc. No. 14.

*alia*, that all discovery be completed by February 15, 2011 and that dispositive motions be filed no later than March 15, 2011. *Preliminary Pretrial Order*, at 2, Doc. No. 12. Shortly thereafter, the Court established dates for a final pretrial conference and trial on September 21, 2011 and October 17, 2011, respectively. *Scheduling Order*, Doc. No. 13.

On January 14, 2011, the parties filed a motion to extend, *inter alia*, the discovery and dispositive motion deadlines by two (2) months. Doc. No. 16. The Court granted the joint motion, requiring that all discovery be completed by April 15, 2011 and that dispositive motions be filed, if at all, by May 16, 2011. *Order*, Doc. No. 17.

On May 3, 2011, after the new discovery deadline had passed, the parties jointly moved a second time to extend case deadlines by another three (3) months. Doc. No. 19. With the consent of the assigned District Judge, the Court granted the joint motion, requiring that all discovery be completed by July 31, 2011 and that dispositive motions be filed, if at all, by August 31, 2011. *Order*, Doc. No. 20. The Court also vacated the dates for the final pretrial conference and trial, *id*., rescheduling the final pretrial conference for March 14, 2012 and the trial for April 9, 2012. *Scheduling Order*, Doc. No. 21.

A few days before the latest discovery deadline was set to expire, plaintiffs filed their *Motion for Extension*, in which they ask that the discovery period be extended by yet another three (3) months or until October 31, 2011 and that the deadline for filing dispositive motions be extended three (3) months or until November 30, 2011.

*Motion for Extension*, p. 2.[2]  Defendants oppose the requested extension.  Doc. No. 24.

Rule 16(b) of the Federal Rules of Civil Procedure requires that the Court, in each civil action not exempt from the operation of the rule, enter a scheduling order that limits the time to, *inter alia*, complete discovery and file motions.  Fed. R. Civ. P. 16(b)(1), (b)(3)(A).  The rule further provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "[A] court choosing to modify a schedule upon a showing of good cause may do so only 'if it cannot reasonably be met despite the diligence of the parties seeking the extension.'"  *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003).  "Another important consideration for a district court deciding whether Rule 16's 'good cause' standard is met is whether the opposing party will suffer prejudice by virtue of the amendment."  *Id*. (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

In their motion, plaintiffs represent that "it was readily apparent that additional Naughton [Insurance Co.] and [American] Zurich personnel will need to be deposed and additional documentation provided to Defendants."  *Motion for Extension*, p. 2.  Plaintiffs also suggest that defense counsel favor an extension of the deadlines.  *Id*. (representing that defense counsel are "reluctant" to schedule expert depositions and that defendants cannot timely file their dispositive

---

[2]On August 31, 2011, the Court granted defendant Sunlight Transport LLC's motion for a short extension of time to file dispositive motions, requiring that such motions be filed, if at all, by September 7, 2011.  *Order*, Doc. No. 26.  Although defendants have filed motions for summary judgment, Doc. Nos. 27, 28, plaintiff has not filed such a motion.

motions without first completing these depositions). Defendants disagree, representing that plaintiffs have a history of failing to meet discovery obligations throughout this litigation, including failing to prepare plaintiffs' witnesses for their Fed. R. Civ. P. 30(b)(6) depositions. Doc. No. 24, pp. 2-5. Defendants argue that these failures militate against the requested extension and contend that yet another extension of time unreasonably burdens defendants. *Id*. at 5-7.

Defendants' arguments are well-taken. Nowhere in the *Motion to Compel* do plaintiffs ever explain why they were unable to meet the most recent discovery completion deadline. Moreover, it is not apparent that the nineteen-month discovery period was insufficient to permit plaintiffs to conduct all appropriate discovery. Further, the Court notes that, despite plaintiffs' representations to the contrary, defendants were able to, and in fact did, timely file motions for summary judgment. Doc. Nos. 27, 28. Plaintiffs' failure to establish good cause for the most recent request for an extension is therefore fatal to that request. Finally, this Court does not disagree that extending the discovery deadline yet again under these circumstances prejudices defendants who have been defending this case since December 2009.

For all these reasons, then, *Plaintiffs' Motion for Extension of Discovery Cut-Off Dispositive Motion Deadlines*, Doc. No. 22, is **DENIED**. The deadline for completing discovery, July 29, 2011, which has now passed, remains unchanged. Notwithstanding the denial of plaintiffs' motion, however, plaintiffs may have until September 12, 2011 in which to file a dispositive motion, if they choose to do so.

Finally, the Court further notes that the dates for the final pretrial conference, March 14, 2012, and the trial, April 9, 2012, remain the same.  *See Scheduling Order*, Doc. No. 21.


September 8, 2011                               *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                        United States Magistrate Judge